IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD MACKEY,  :
                 Petitioner,  :  CIVIL NO. 4:CV-07-1369
                 v.  :  (Judge Jones)

WARDEN JONATHAN C. MINER,  :
                 Respondent.  :

## MEMORANDUM

October 22, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Petitioner Bernard Mackey ("Petitioner" or "Mackey"), an inmate confined at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), in White Deer, Pennsylvania, commenced this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. Therein, he challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). According to Petitioner, the BOP improperly calculated his GCT such that he receives fifty-four days of credit for each year of his sentence actually served. (Rec. Doc. 1 at 2). Petitioner contends that he is entitled to fifty-four days of credit for each year of the sentence imposed. *Id.* Petitioner asserts that the BOP's method of calculation "manipulates the clear language" of 18 U.S.C. § 3624(b). *Id.*

This matter is before the Court for screening. *See* 28 U.S.C. § 2243. The Petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (West Supp. 2005) (made applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 may be applied at the discretion of the District Court because it is the duty of courts to screen frivolous actions and eliminate the burden that would be placed on respondents by ordering unnecessary answers. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). For the following reasons, the Petition will be denied.

**DISCUSSION:**

Petitioner is serving a sentence of 77 months of incarceration at LSCI-Allenwood. He states that the BOP calculated his maximum GCT credit based upon the sentence actually served. (Rec. Doc. 1 at 2). The BOP's calculation results in a credit of 302 days and a projected release date of September 24, 2008. *Id.* Petitioner avers that the calculation of his GCT credit should be based upon the sentence imposed, which would result in a credit of 344 days and a projected release date of August 13, 2008. *Id.*

Petitioner asserts that the difference in calculation methods stems from the

ambiguity of 18 U.S.C. § 3624(b)(1).[1] He argues that the phrase "term of imprisonment" in that section is undefined and should be interpreted to refer to the sentence imposed rather than the sentence actually served. (Rec. Doc. 1). Petitioner cites *Moreland v. Federal Bureau of Prisons*, 363 F. Supp. 2d 882 (S.D. Tex. 2005), in support of his argument. That decision is unpersuasive because it was overturned on appeal. The Court of Appeals for the Fifth Circuit held the language of 18 U.S.C. 3624(b) to be unambiguous and upheld the BOP's calculation of the petitioner's GCT based upon the time actually served. *See Moreland v. Federal Bureau of Prisons*, 431 F.3d 180 (5th Cir. 2005).

Moreover, Petitioner admits that he has failed to exhaust his administrative remedies, but he asserts that any attempt to do so would be futile because the BOP has adopted a policy for the calculation of good conduct time, which is set forth in 28 C.F.R. § 523.20. However, the Third Circuit has determined that the BOP's interpretation of 18 U.S.C. § 3624(b), as set forth in 28 C.F.R. § 523.20, is reasonable. The BOP interprets 18 U.S.C. 3624(b) as allowing fifty-four days of

---

[1] 18 U.S.C. 3624(b)(1) provides:

Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

GCT "for each year served." 28 C.F.R. § 523.20(a). *See also O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005). Thus, the BOP uses a formula for calculating GCT that takes into account the fact that an inmate's time actually served becomes incrementally shorter for each year that he is awarded GCT. *See O'Donald*, 402 F.3d at 173 (citing *White v. Scibana*, 390 F.3d 997, 999-1000 (7th Cir. 2004)). In *O'Donald*, the Third Circuit determined that the phrase "term of imprisonment" in 28 U.S.C. 3624(b) is ambiguous, but found that it must defer to the BOP's interpretation if it is reasonable. *Id.* at 174 (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844 (1984); *Stiver v. Meko*, 130 F.3d 574, 577 (3d Cir. 1997)). In so doing, the court agreed with the First, Seventh, and Ninth Circuits that the BOP's interpretation is reasonable. *Id.* Thus, in *O'Donald*, the Third Circuit concluded that the District Court properly rejected O'Donald's challenge to the BOP's calculation of GCT based upon the time actually served. Accordingly, this Court must deny the instant Petition.

    An Order consistent with this Memorandum shall issue.